IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**RDS REAL ESTATE, LLC**                                                                      **PLAINTIFF**

v.                                                                      CAUSE NO. 1:15CV361-LG-RHW

**ABRAMS GROUP CONSTRUCTION, LLC,**
**et al.**                                                                                **DEFENDANTS**

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT BASED ON JUDICIAL ESTOPPEL

BEFORE THE COURT is the [119] Motion for Summary Judgment filed by Defendant Abrams Group Construction, LLC, invoking the doctrine of judicial estoppel. Having considered the submissions of the parties and the relevant law, the Court is of the opinion that the Motion should be denied because the elements of judicial estoppel are not present in this case. Moreover, even if they were, the Court would decline to exercise its discretion to apply the doctrine.

### BACKGROUND

According to the [107] Amended Complaint, in 2009, Plaintiff RDS Real Estate contracted with another entity, S&S Construction, LLC, "to construct a building in Ocean Springs, Jackson County, Mississippi, that would be used for medical office space . . . ." (*Id.* at 4 (¶26)). RDS alleges that soon after it "accepted occupancy of the building," it began experiencing problems, including roof leaks, as a result of unworkmanlike construction. (*See id.* at 5 (¶¶ 35-36)).

RDS claims that "[i]n the time frame around December 2010 through April 2011, S&S Construction, LLC sold all its assets to Abrams Group Construction, LLC." (*Id.* at 6 (¶42)). It also states that in July 2011, "Abrams Group

Construction, LLC or S&S Construction, LLC changed the name of S&S Construction, LLC to Abrams Group Construction, LLC with the Mississippi Board of Contractors[,]" although RDS did not have knowledge that S&S "had ceased doing business or that it had changed its name." (*See id.* at 6-7 (¶¶ 48, 56)).

RDS contends that it eventually incurred approximately $214,000.00 in costs "to correct the construction defects caused by S&S." (*See id.* at 8-9 (¶¶ 64-70)). It then filed a lawsuit in this district against S&S and Abrams, styled 1:14-cv-187-HSO-RHW. (*See id.* at 9 (¶72)). "Because there was an arbitration provision in the Construction Agreement between RDS and S&S, RDS consented to arbitration, and filed a demand to initiate arbitration with the AAA. Abrams [who had opposed arbitration] was dismissed without prejudice." (*See id.* (¶¶ 73-75)). The arbitration resulted in "an award in favor of RDS in the amount of $240,898.14[,]" which the district court affirmed and on which its entered a final judgment. (*See id.* at 9-10 (¶¶ 82-86)). RDS alleges that "[t]he judgment has not been paid[, and that] S&S has made representations that is has no money to pay the . . . judgment." (*See id.* at 10 (¶¶ 86-87)).

As a result, RDS instituted this action against multiple entities and individuals, including Abrams.[1] "RDS requests a declaratory judgment that the judgment RDS obtained against S&S also applies to Abrams, as they are the same entity. In other words, RDS requests a declaratory judgment that both S&S and

---

[1] RDS seeks to pierce the corporate veil of S&S, but those allegations are not made against Abrams.

2

Abrams are jointly and severally liable for the full amount of damages." (*See id.* at 11 (¶100); *see also id.* at 13 (¶120)). It also requests an award of expenses and attorney's fees, and asserts that "Abrams should be liable to RDS for the judgment under theories of estoppel, merger and other successor liability theories." (*See id.* at 12 (¶¶ 102-03); *see also id.* at 13 (¶120), 17 (¶157)).

Abrams has filed a Motion for Summary Judgment, arguing that "judicial estoppel prevents [RDS] from asserting the position its asserts in this case after asserting the opposite position in the 2014 case." (Abrams Mem. 5 (¶22), ECF No. 120)). Abrams contends that if RDS "believed Abrams and [S&S] were the same entity, it could have argued against Abrams [*sic*] Opposition to the Motion to Compel Arbitration and advanced the argument that Abrams and [S&S] were the same entity and that, therefore, Abrams was bound by the arbitration agreement." (*Id.* at 7 (¶35)). However, it claims that, instead, RDS "chose to treat Abrams and [S&S] as separate entities" and moved to dismiss Abrams from the 2014 "case so that it could proceed to arbitration with" S&S. (*See id.* at 7-8 (¶35)).

## DISCUSSION

"The doctrine of judicial estoppel prevents 'litigants from asserting contradictory positions for tactical gain.'" *Trinity Marine Prods., Inc. v. United States*, 812 F.3d 481, 490 (5th Cir. 2016) (citation omitted). "The purpose of [the doctrine] is to protect the integrity of the judicial process by preventing parties from playing fast and loose with the courts." *In re Tex. Wyo. Drilling, Inc.*, 647 F.3d 547, 552 (5th Cir. 2011) (citation and quotation marks omitted).

3

"Judicial estoppel applies only if 'the following elements are present: (1) the party against whom judicial estoppel is sought has asserted a legal position which is plainly inconsistent with a prior position; (2) a court accepted the prior position; and (3) the party did not act inadvertently.'" *Trinity Marine*, 812 F.2d at 490 (citation omitted). "The burden to prove judicial estoppel is on the party invoking the doctrine." *Thompson v. Sanderson Farms, Inc.*, No. 3:04cv837-WHB-JCS, 2006 WL 7089989, at *2 (S.D. Miss. May 31, 2006) (citing *Smith v. United States*, 328 F.3d 760, 765 (5th Cir. 2003)).

The decision whether to invoke the doctrine of judicial estoppel is within the Court's discretion, *see In re Tex. Wyo. Drilling*, 647 F.3d at 550, and "trial courts are not required to apply it in every instance that they determine its elements have been met." *See U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 798 F.3d 265, 271 (5th Cir. 2015). "The presence of one or more of these elements [for judicial estoppel to apply] does not mandate the invocation of [the doctrine]. Rather, courts should determine if applying judicial estoppel is appropriate in light of the specific facts of each case and the doctrine's purpose of protecting the integrity of the judicial process." *See GSDMIdea City*, 798 F.3d at 272 (citation, quotation marks, and brackets omitted).

A review of RDS's Complaint in the 2014 action indicates that it is not taking inconsistent positions. Among other things, in the 2014 action, RDS alleged that "both S&S and Abrams are jointly and severally responsible for the construction defect in RDS's office building and the subsequent costs incurred by RDS to correct

4

said construction defects." (*See* 2014 Compl., ECF No. 1 in 1:14cv187-HSO-RHW, at 5 (¶34)).² In addition, RDS not only has asserted that Abrams and S&S are the same entity, but also has raised alternative arguments for liability based on successor liability, merger, and other theories, which is consistent with its assertions in the 2014 action. (*See id.* at 5-6 (¶¶ 42-43, 50)). In short, it appears that RDS's position has always been that S&S and Abrams are responsible for its damages. (*See id.* (¶¶ 35, 45, 52-53)). RDS's decision to pursue S&S only in the previous action and to dismiss Abrams *without prejudice* in response to Abrams' argument that it was not a signatory to the arbitration agreement at issue does not preclude it from making the claims it makes here and does not equate to asserting a legal position which is plainly inconsistent with a prior position. *See, e.g.*, *In re Tex. Wyo. Drilling*, 647 F.2d at 552-53 ("The defendant's argument founders on the first requirement because [plaintiff] did not take clearly inconsistent positions.") (affirming district court decision not to apply the doctrine).

  Furthermore, the district court did not "accept" any purported position taken by RDS in 2014 with respect to whether or not S&S and Abrams are the same entity. The relationship between S&S and Abrams was never litigated, as RDS voluntarily elected to dismiss Abrams without prejudice. The fact that the district court granted the dismissal does not persuade this Court that that court accepted any position regarding whether S&S and Abrams are the same entity. *See, e.g.*,

---

² Abrams also submitted a copy of the prior Complaint with its Motion.

*Prideaux v. Tyson Foods, Inc.*, 387 F. App'x 474, 478 (5th Cir. 2010) (district court did not abuse its discretion in finding judicial estoppel unwarranted where "there was no 'judicial acceptance'").

While the Court is of the opinion that at least two judicial estoppel elements are present here, the Court nonetheless would decline to exercise its discretion to apply the doctrine in this case. *See GSDMIdea City*, 798 F.3d at 271-72; *see also, e.g.*, *Reed v. City of Arlington*, 650 F.3d 571, 576 (5th Cir. 2011) ("Because judicial estoppel is an equitable doctrine, courts may apply it flexibly to achieve substantial justice."). Specifically, the Court does not find that RDS was engaged in the type of "fast and loose" conduct that the doctrine of judicial estoppel was designed to prevent.

Finally, the Court finds Abrams' other arguments unpersuasive. Abrams states that it was prevented from asserting defenses by not participating in the arbitration, which it opposed in the first place. In this respect, Abrams, not RDS, is taking an inconsistent position. It opposed arbitration, but now argues that it was somehow prejudiced by not being able to participate in that arbitration. This is not a ground for applying judicial estoppel.

Abrams also states that RDS is "seek[ing] to avoid having to prove successor liability by asking this Court to declare that the judgment it obtained against [S&S] is a judgment against Abrams in spite of the fact that [RDS] has not been required to present evidence to prove the elements necessary for successor liability." (Abrams Mem. 13 (¶58), ECF No. 120). But the Court will not enter a judgment in

RDS's favor unless and until RDS has met its burden of proof to establish facts showing that Abrams should be held liable for the judgment obtained against S&S. Similarly, although Abrams contends that it "will be held responsible for a final judgment on which it was prevented from presenting any defense or evidence[,]" (*see id.* at 14-15 (¶61)), that is simply not the case. The Court's ruling that judicial estoppel does not apply does not prevent Abrams from raising any defense or presenting any evidence it may have to show that it should not be held liable for the judgment obtained against S&S. Indeed, the Court offers no opinion at this juncture as to whether RDS will ultimately succeed in its allegations.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons discussed herein, the [119] Motion for Summary Judgment filed by Defendant Abrams Group Construction is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 15th day of September, 2016.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE