IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**RDS REAL ESTATE, LLC**                     **PLAINTIFF**

v.                   **CAUSE NO. 1:15CV361-LG-RHW**

**ABRAMS GROUP CONSTRUCTION, LLC,**
**et al.**                             **DEFENDANTS**

### ORDER DENYING MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT is the [138] Motion for Summary Judgment filed by Plaintiff RDS Real Estate, LLC, against Defendant Abrams Group Construction, LLC, on RDS's claim for declaratory judgment against Abrams. Having considered the parties' submissions and the relevant law, the Court is of the opinion that genuine issues of material fact remain for resolution by the jury.

### BACKGROUND

According to the [107] Amended Complaint, in 2009, Plaintiff RDS Real Estate contracted with another entity, S&S Construction, LLC, "to construct a building in Ocean Springs, Jackson County, Mississippi, that would be used for medical office space . . . ." (*Id.* at 4 (¶26)). RDS alleges that soon after it "accepted occupancy of the building," it began experiencing problems, including roof leaks, as a result of unworkmanlike construction. (*See id.* at 5 (¶¶ 35-36)).

RDS claims that "[i]n the time frame around December 2010 through April 2011, S&S Construction, LLC sold all its assets to Abrams Group Construction, LLC." (*Id.* at 6 (¶42)). It also states that in July 2011, "Abrams Group Construction, LLC or S&S Construction, LLC changed the name of S&S

Construction, LLC to Abrams Group Construction, LLC with the Mississippi Board of Contractors[,]" although RDS did not have knowledge that S&S "had ceased doing business or that it had changed its name." (*See id.* at 6-7 (¶¶ 48, 56)).

RDS contends that it eventually incurred approximately $214,000.00 in costs "to correct the construction defects caused by S&S." (*See id.* at 8-9 (¶¶ 64-70)). It then filed a lawsuit in this district against S&S and Abrams, but later dismissed Abrams without prejudice and proceeded to arbitration with S&S. The arbitration resulted in "an award in favor of RDS in the amount of $240,898.14[,]" which the district court affirmed and on which its entered a final judgment. (*See id.* at 9-10 (¶¶ 82-86)). RDS alleges that "[t]he judgment has not been paid[, and that] S&S has made representations that is has no money to pay the . . . judgment." (*See id.* at 10 (¶¶ 86-87)).

As a result, RDS instituted this action against Abrams; George Spellmeyer, Norma Spellmeyer, and Michael Spellmeyer (collectively, "the Spellmeyer defendants"); and, by later amendment, Tusitala, Inc. RDS alleges that the Spellmeyer defendants "are, or were, members of S&S", (*see id.* at 13 (¶123)), and seeks to pierce S&S's and Tusitala's corporate veil.[1] It also "requests a declaratory judgment that the judgment RDS obtained against S&S also applies to Abrams, as they are the same entity. In other words, RDS requests a declaratory judgment that both S&S and Abrams are jointly and severally liable for the full amount of

---

[1] RDS's claims against the Spellmeyer defendants and Tusitala are not the subject of this Order.

damages." (*See id.* at 11 (¶¶ 100-01); *see also id.* at 13 (¶120)).  It asserts that "Abrams should be liable to RDS for the judgment under theories of estoppel, merger and other successor liability theories." (*See id.* at 12 (¶¶ 102-03); *see also id.* at 13 (¶120), 17 (¶157)).

RDS has now moved for summary judgment on its declaratory judgment claim against Abrams.  Abrams has opposed the Motion, and RDS has filed a Rebuttal.

## THE LEGAL STANDARD

A summary judgment motion shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  If the movant carries its burden of demonstrating the absence of a genuine issue of material fact, the burden shifts to the non-movant to show that summary judgment should not be granted. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986).  "[T]he court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009).  "In reviewing the evidence, the court must 'refrain from making credibility determinations or weighing the evidence.'" *Id.* (citation omitted).

Having conducted the required review, the Court finds that genuine issues of material fact remain with respect to RDS's claim for declaratory judgment against Abrams.  Accordingly, the Court will deny summary judgment.

**DISCUSSION**

RDS has stated that it is a Mississippi limited liability company and that S&S is an Alabama limited liability company. The Court's review of Mississippi and Alabama law shows that "[i]n the context of the present case, no true conflicts exists between the laws of these two states, and choice of law analysis is, therefore, unnecessary." *See Tupelo Mfg. Co. v. Cope Indus., Inc.*, No. 1:05CV114-B-D, 2006 WL 1313809, at *1 (N.D. Miss. May 11, 2006). The general rule in both states is "that a corporation which acquires the assets, but not the stock of another corporation, is not obligated for the liabilities of the acquired corporation." *Paradise Corp. v. Amerihost Dev., Inc.*, 848 So. 2d 177, 179 (Miss. 2003). Furthermore, although the case law refers to "corporations," there is no authority for applying a different rule in cases involving limited liability companies, such as this one.

There are four exceptions to the general rule. Those exceptions are "in instances where: (1) the successor expressly or impliedly agrees to assume the liabilities of the predecessor; (2) the transaction may be considered a de facto merger; (3) the successor may be considered a 'mere continuation' of the predecessor; or (4) the transaction was fraudulent." *See id.* (citation and quotation marks omitted).

RDS does not discuss these exceptions. To the extent RDS takes the position that it is not proceeding under a successor liability theory – and RDS's position is unclear to the Court – genuine issues of material fact remain as to whether Abrams

4

is jointly and severally liable for the judgment against RDS.[2] Moreover, even if RDS is relying on a successor liability, none of the evidence on which RDS relies, taken separately or together, is sufficient to establish successor liability as a matter of law. And, genuine issues of material fact remain with respect to whether any of the exceptions discussed above applies.

**Exception (1): Assumption of liabilities**

There is evidence that Abrams, a Florida company, bought equipment from S&S, an Alabama company, in December 2010, and thereafter bought certain real estate from S&S and/or the Spellmeyer defendants in April 2011. But there is nothing showing an express assumption of liabilities of S&S by Abrams. Nonetheless, RDS argues that:

> On or about May 25, 2011, Abrams Group or S&S Construction, LLC filed a certificate of Amendment with the Mississippi Secretary of State's Office. The Amendment changed the name of S&S Construction, LLC to Abrams Construction Group, LLC. The business ID # is the same: 913491. Shortly after this, in July 2011, Abrams Group changed the name of S&S Construction, LLC to Abrams Group Construction, LLC with the Mississippi Board of Contractors. Michael Spellmeyer is listed with the Mississippi Board of Contractors as the qualifying party for Abrams Group Construction, LLC for purposes of the Certificate of Responsibility. Thus, Abrams used Michael Spellmeyer to qualify for its Certificate of Responsibility.

(RDS Mem. 9, ECF No. 139; *see also, e.g.*, RDS Rebuttal 6, ECF No. 169).

Even construing RDS's argument about the Mississippi name change as an argument of implied assumption of liabilities of S&S by Abrams, there are still fact issues surrounding that name change that the jury must decide. While the name

---

[2] For example, there is evidence that Abrams never worked on the Ocean Springs building at issue.

change may be probative evidence of successorship, William Abrams, one of the owners of Abrams,[3] testified that he signed the name change paperwork because he believed it was merely to qualify Abrams to do business in Mississippi. Abrams has submitted evidence that it remains a Florida LLC, separate and apart from any Alabama LLC that may bear the name of Abrams Construction for purposes of doing business in Mississippi. This Court will not assess Mr. Abrams's credibility or weigh the evidence at the summary judgment stage, and is of the opinion that summary judgment is not warranted in favor of RDS on this ground. *See Deville*, 567 F.3d at 164.

**Exception (2): De facto merger**

"A de facto merger exists when there is a continuity of management, personnel, assets and operations; a continuity of shareholders; the predecessor dissolves shortly thereafter; and the successor assumes the predecessor's obligations." *Huff v. Shopsmith, Inc.*, 786 So. 2d 383, 388 (Miss. 2001). Again, there are genuine issues of fact that preclude summary judgment.

Williams Abrams testified that Abrams did not purchase all of S&S's equipment, and actually declined to do so. While RDS disputes the amount of assets purchased, that is an issue for the jury. Additionally, while Michael Spellmeyer and a handful of other S&S employees went to work for Abrams, this is insufficient to show a de facto merger as a matter of law. *See, e.g.*, *Tupelo*, 2006 WL

---

[3] The other owner is William's wife. He testified that "[t]he ownership . . . ha[s] not changed since August of 2005." (Abrams dep. 14:5-16, ECF No. 156-4).

1313809, at *2. There is also conflicting evidence about who managed and/or controlled Abrams, and about when S&S ceased operations or dissolved, if ever, after Abrams purchased assets from it. *See, e.g., id.*; *see also Huff*, 786 So. 2d at 383. Finally, as discussed above, genuine issues of fact remain as to whether Abrams assumed S&S obligations.

### Exception (3): Mere continuation

"Regarding the 'mere continuation' theory, the general rule is that a corporation is not to be considered a continuation of a predecessor unless, after the transfer of assets, only one corporation remains, and there is an identity of stock, shareholders, and directors between the two corporations." *See Tupelo*, 2006 WL 1313809, at *2. Here, there are genuine issues of material fact, for example, as to whether only one corporation remained after Abrams purchased some of S&S's assets.

### Exception (4): Fraud

In a separate Motion, RDS appears to argue that S&S's transfer of assets to Abrams was fraudulent. Also in separate filings, Abrams and RDS dispute whether a stand-alone fraudulent transfer claim – as opposed to a request for declaratory judgment – has been stated against Abrams. The Court offers no opinion on that issue in this Order. However, viewing the evidence in the light most favorable to Abrams, the Court does find that, at a minimum, there are genuine issues of material fact with respect to whether any transfer of assets between Abrams and S&S and/or the Spellmeyer defendants was fraudulent, such that Abrams could be

7

held liable for a judgment obtained against S&S well after those transfers occurred. Summary judgment is not appropriate on this ground, either.

## CONCLUSION

To the extent the Court has not addressed any of the parties' arguments, it has considered them and determined that they would not alter this result. For the reasons discussed herein, the Court finds that Plaintiff RDS is not entitled to judgment as a matter of law on its declaratory judgment claim against Defendant Abrams Group.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [138] Motion for Summary Judgment filed by Plaintiff RDS Real Estate, LLC, is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 10th day of January, 2017.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE