IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**RDS REAL ESTATE, LLC**                                              **PLAINTIFF**

v.                                                   CAUSE NO. 1:15CV361-LG-RHW

**ABRAMS GROUP CONSTRUCTION, LLC,**
**et al.**                                                           **DEFENDANTS**

## ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT

BEFORE THE COURT are the [140, 144] Motions for Summary Judgment filed by Defendants George E. Spellmeyer, Norma Spellmeyer, and Michael Spellmeyer (collectively, "the Spellmeyer defendants") and Defendant Tusitala, Inc. ("Tusitala") regarding the allegations against them in the [107] Amended Complaint filed by Plaintiff RDS Real Estate, LLC. The Court has extensively outlined the background of this action in its previous [174, 175, 177] Orders, and incorporates those discussions by reference herein. For the reasons discussed below, the Court finds that the Motions should be denied.[1]

### DISCUSSION

Defendants have raised arguments for dismissal under both Federal Rule of Civil Procedure 12(b)(6) and for summary judgment under Rule 56. Because the Court has already found that any 12(b)(6) argument is untimely, (*see* Order 3-4,

---

[1] Defendant Abrams Group Construction, LLC, is not a party to the current Motions. Accordingly, the Court sometimes refers to the Spellmeyer defendants and Tusitala simply as "Defendants" in this Order. The Court has also disregarded RDS's Response arguments that relate to transfers made to Abrams, as the Court has previously denied summary judgment in favor of RDS on those claims and on its declaratory judgment claim against that defendant. (*See generally* Orders, ECF Nos. 175, 177).

ECF No. 174), it will treat Defendants' dismissal arguments as being made pursuant to Rule 12(c). *See Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).

**Defendants' Rule 12(c) Arguments for Dismissal**

Under Rule 12(c), "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." "'The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6).'" *Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435, 439 (5th Cir. 2015) (citation and brackets omitted). The Court "'accept[s] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Id.* (citation omitted). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and quotation marks omitted). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

Defendants make multiple arguments for dismissal of the Amended Complaint related to both RDS's fraudulent transfers claims and its allegations of piercing the corporate veil. The Court will discuss the arguments related to the fraudulent transfer claims, and will next consider the allegations of piercing the corporate veil against each Defendant.

    A.    **RDS's Fraudulent Transfer Claims**

To the extent Defendants argue that that RDS had to specifically cite the applicable provisions of the Uniform Fraudulent Transfer Act (UFTA) to state a

claim thereunder, the Court is not persuaded by such an argument. Under Federal Rule of Civil Procedure 8(a)(2), a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." "Rule 8(a)(2) . . . does not treat legal descriptions of a claim the same as factual averments." *Johnson v. Honda*, No. 3:15cv223-DPJ-FKB, 2015 WL 5794449, at *3 (S.D. Miss. Oct. 1, 2015). "A complaint need not . . . articulate a perfect 'statement of the legal theory supporting the claim asserted.'" *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (citing *Johnson v. City of Shelby*, 135 S. Ct. 346, 347 (2014)) (emphasis in original). All that is required of a plaintiff is to inform the defendant "of the factual basis for their complaint . . . ." *See Johnson v. City of Shelby*, 135 S. Ct. at 347. Here, the Court finds that, while RDS's Amended Complaint could be clearer, the Amended Complaint satisfies this low threshold.

Defendants also contend that the Amended Complaint does not comply with Federal Rule of Civil Procedure 9(b), which states in pertinent part that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The Fifth Circuit has not yet had occasion to address whether Rule 9(b) applies to UFTA claims. *See Janvey v. Alguire*, 647 F.3d 585, 599 (5th Cir. 2011). This Court need not decide this issue, either, as it is of the opinion that RDS has pled its fraudulent transfer claims with sufficient particularity even to satisfy Rule 9(b)'s more stringent standard. *See, e.g.*, *Biliouris v. Sundance Res., Inc.*, 559 F. Supp. 2d 733, 736 (N.D. Tex. 2008); *In re Tex. Rangers Baseball Partners*, 498 B.R. 679, 712 (Bankr. N.D. Tex. 2013).

B.  **RDS's Allegations of Piercing the Corporate Veil Related to the Spellmeyer Defendants**

The Spellmeyer defendants also challenge the legal sufficiency of RDS's attempts to pierce the corporate veil of S&S Construction, LLC, and hold them individually liable for the judgment RDS obtained against S&S. In doing so, they rely on Mississippi law, but the Court has already determined that Alabama law applies to this issue. (*See* Order 5-6, ECF No. 177). Accordingly, dismissal is not warranted on the ground that RDS has failed to state a claim under Mississippi law. In any event, the Court is of the opinion that the allegations of the [107] Amended Complaint are sufficient under Alabama law. *See, e.g.*, *Claybar v. Huffman*, 54 F. Supp. 3d 1284, 1290 (S.D. Ala. 2014).

C.  **RDS's Allegations of Piercing the Corporate Veil Related to Tusitala**

As discussed in the Court's [177] Order, the Mississippi Limited Liability Company Act has been interpreted to mean that the veil-piercing standard of the law of the state under which an LLC exists applies when a party attempts to pierce the LLC's veil. (*See id.* at 5-6). "On the other hand, when considering whether the corporate veil [of Tusitala, Inc.] should be pierced, the choice of laws is not as clear because the Mississippi Business Corporation Act contains no provision that specifically addresses this question." *See In re Thorne*, No. 09-11763-DWH, 2011 WL 2496217, at *2 (Bankr. N.D. Miss. June 22, 2011). Nonetheless, "[w]hen confronted with an uncertainty such as this, several courts have decided that the law of the state of incorporation . . . should be applied." *See id.* This Court agrees.

4

Since Tusitala is an Alabama corporation, Alabama law applies to RDS's veil piercing allegations related to Tusitala. Because Tusitala has not made any argument for dismissal based on the applicable law, the Court finds that its Motion should be denied.[2]

**Defendants' Summary Judgment Arguments**

A summary judgment motion shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If the movant carries its burden of demonstrating the absence of a genuine issue of material fact, the burden shifts to the non-movant to show that summary judgment should not be granted. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986).

"[T]he court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). "In reviewing the evidence, the court must 'refrain from making credibility determinations or weighing the evidence.'" *Id.* (citation omitted).

---

[2] The same is true with respect to Tusitala's claim that summary judgment is warranted based on Mississippi law pertaining to piercing the corporate veil/alter ego. However, the Court notes that it is unclear whether RDS is even attempting to state any claims beyond its fraudulent transfer claims against Defendant Tusitala. Indeed, in moving for summary judgment, RDS argued that it was entitled to summary judgment that the veil of S&S should be pierced and that the Spellmeyers should be individually liable, but it did not make any such argument related to Tusitala. The parties should address this issue in their proposed pretrial order.

### A. RDS's Fraudulent Transfer Claims Against Defendants

Under Mississippi's UFTA, "[a] transfer made . . . by a debtor is fraudulent as to a creditor, whether the creditor's claim[3] arose before or after the transfer was made . . . , if the debtor made the transfer . . . with actual intent to hinder, delay or defraud any creditor of the debtor." Miss. Code § 15-3-107(1). Courts generally consider eleven "badges of fraud" in determining whether a transfer was made with actual intent to hinder, delay, or defraud. While this list is not exhaustive,

> consideration may be given, among other factors, to whether:
>
> (a) The transfer . . . was to an insider;
>
> (b) The debtor retained possession or control of the property transferred after the transfer;
>
> (c) The transfer . . . was disclosed or concealed;
>
> (d) Before the transfer was made . . . , the debtor had been sued or threatened with suit;
>
> (e) The transfer was of substantially all the debtor's assets;
>
> (f) The debtor absconded;
>
> (g) The debtor removed or concealed assets;
>
> (h) The value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred . . . ;
>
> (i) The debtor was insolvent or became insolvent shortly after the transfer was made . . . ;

---

[3] Under UFTA, a "'[c]laim' means a right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." Miss. Code § 15-3-101(c).

>(j) The transfer occurred shortly before or shortly after a substantial debt was incurred; [and]
>
>(k) The debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor . . . .

Miss. Code § 15-3-107(2).

Although there is little Mississippi case law on UFTA, there is ample case law from courts in other jurisdictions that have adopted UFTA and from bankruptcy courts discussing related provisions of the Bankruptcy Code. "No specific combination of badges is necessary for a finding of actual intent and the presence of any of the badges of fraud does not compel such a finding." *In re Vista Bella, Inc.*, 511 B.R. 163, 194 (Bankr. S.D. Ala. 2014). "The badges merely highlight circumstances that suggest that the transfer was made with fraudulent intent. With that being said, it is clear that actual intent to hinder, delay, or defraud is a heavily fact-dependent question." *Id.* at 194-95.

Defendants first argue that they are not "debtors" under the statute and that "RDS must assert its UFTA claim against S&S Construction, LLC itself, which it has not in the present action." (*See, e.g.*, Spellmeyer Defs. Mem. 21-22, ECF No. 141). However, UFTA specifically provides for claims against a transferee of a debtor. *See* Miss. Code §§ 15-3-111 to -113; *see also Swift Fin. Corp. v. Bath Planet of Miss., LLC*, No. 3:15CV846-DPJ-FKB, 2016 WL 3180291, at *6 (S.D. Miss. June 6, 2016). Furthermore, as already discussed by the Court in its [177] Order, neither UFTA nor case law interpreting the statute required that RDS name S&S as a party to this action. *See, e.g.*, *Bally Gaming, Inc. v. Caldwell*, 12 F. Supp. 3d 907,

7

917 (S.D. Miss. 2014); *see also Canty v. Otto*, No. CV0950281525, 2010 WL 797206, at *5 (Conn. Super. Ct. Feb. 4, 2010); *Official Post-Confirmation Comm. of Creditors Holding Unsecured Claims v. Markheim*, No. CV-04-040, 2005 WL 3340353, at *2 (Me. Super. Ct. Oct. 7, 2005).

Defendants also argue that there is no evidence of actual intent. For the sake of brevity, the Court finds it unnecessary to include a detailed analysis of each of Defendants' arguments on this point. After careful consideration of the badges of fraud discussed above, the Court is of the opinion that Defendants have not satisfied their summary judgment burden to establish a lack of genuine issue of material fact on this issue and that, in any event, RDS has met its summary judgment burden to show that genuine issues of material fact remain regarding S&S's intent.

This includes evidence establishing that one or more of the transfers at issue was made to an insider, *see* Miss. Code § 15-3-101, and that Defendants had, at a minimum, been threatened with suit at the time certain transfers were made. Furthermore, there is conflicting evidence about the value of consideration received by S&S, including about whether transfers were truly loan repayments. Summary judgment is not warranted in favor of Defendants on RDS's fraudulent transfer claims. *See, e.g.*, *De Beck v. United States*, No. SA-11-CA-45-FB, 2012 WL 12860949, at *28 (W.D. Tex. July 31, 2012) ("fraudulent intent typically is not appropriate for summary judgment because it is a question of fact generally reserved for the trier of fact").

Finally, even if there was no actual fraud – and the Court has determined that there are multiple genuine issues of material fact that remain surrounding this claim – UFTA also recognizes constructive fraud as an alternative way to prove fraudulent transfer claims. *See* Miss. Code §§ 15-3-107(2)(m) & (n). Defendants have not moved for summary judgment on this ground. Regardless, even a cursory review of RDS's evidence shows that summary judgment in favor of Defendants would also be inappropriate on RDS's constructive fraud claims.

**B.     RDS's Allegations Related to Piercing the Corporate Veil**

"[U]nder Alabama law, it is possible to 'pierce the veil' of an LLC in some situations." *Filo Am., Inc. v. Olhoss Trading Co.*, 321 F. Supp. 2d 1266, 1269 (M.D. Ala. 2004). Factors to consider "are: (1) inadequacy of capital; (2) fraudulent purpose in conception or operation of the business; (3) operation of the corporation as an instrumentality or alter ego." *See id.*

> The Alabama Supreme Court [has] also held . . . that, in order to impose liability on a defendant for the acts of a corporation on the grounds that the corporation was an 'instrumentality' or 'alter-ego' of the defendant, a plaintiff must show that:
>
> > 1) The dominant party must have complete control and domination of the subservient corporation's finances, policy and business practices so that, at the time of the attacked transaction, the subservient corporation had no separate mind, will, or existence of its own;
> >
> > 2) The control must have been misused by the dominant party . . . ;
> >
> > 3) The misuse of this control must proximately cause the harm or unjust loss complained of.

9

*Mama's Enters., LLC v. United States*, 883 F. Supp. 2d 1128, 1135 (N.D. Ala. 2012) (citing *Messick v. Moring*, 514 So. 2d 892, 945-95 (Ala. 1987) (brackets omitted).

The Court denied summary judgment in RDS's favor on this issue. (*See generally* Order, ECF No. 177). However, the Court finds that while RDS's evidence was insufficient to grant judgment as a matter of law in its favor, it is sufficient to raise multiple genuine issues of material fact regarding whether S&S's corporate veil should be pierced and the Spellmeyer defendants held individually liable. *See, e.g.*, *Strickland v. Champion Enters., Inc.*, No. 1:06-CV-682-TFM, 2007 WL 1837136, at *4 (M.D. Ala. June 26, 2007) ("Given the fact-intensive nature of the veil-piercing analysis, the determination is typically one to be resolved at trial, where the trier of fact can make choices as to credibility and weight of the evidence.").

For example, there is conflicting evidence regarding the adequacy or inadequacy of S&S's capital, as well as with respect to monetary transfers that were made out of the S&S account and whether the money was transferred to pay back loans or was used for personal expenses or some other improper purpose. While Defendants have attempted to explain these transfers through the deposition and affidavit testimony of Norma Spellmeyer, at the summary judgment stage, the Court must view the evidence in the light most favorable to the non-movant RDS and must refrain from making credibility determinations. *See Deville*, 567 F.3d at 164. In short, summary judgment is not appropriate on this ground, either.

**CONCLUSION**

To the extent the Court has not addressed any of the parties' arguments, it has considered them and determined that they would not alter this result. The Court is of the opinion that the Motions filed by the Spellmeyer defendants and Tusitala should be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [140, 144] Motions for Summary Judgment are **DENIED**.

**SO ORDERED AND ADJUDGED** this the 23rd day of January, 2017.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE